Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff, Donna Vestre

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| Donna Vestre,<br><br>   Plaintiff,<br><br>vs.<br><br>Sallie Mae, Inc.; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.: SACV 12 - 01987 JVS (MLGx)<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Donna Vestre, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Donna Vestre (hereafter "Plaintiff"), is an adult individual residing in Anaheim, California.

6. The Defendant, Sallie Mae, Inc., (hereafter "Sallie Mae"), is a corporation with a principal place of business of 12061 Bluemont Way, Reston, Virginia 20190.

7. Does 1-10 (the "Agents") are individual agents and/or employees employed by Defendants and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8. Defendants at all times acted by and through one or more of their Agents.

# FACTS

A. **Defendants' Abusive Behavior**

9. Within the last year, Sallie Mae began calling Plaintiff's cellular phone in an attempt to reach Erica Florice.

10. Sallie Mae contacted Plaintiff on her cellular phone using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

11. Plaintiff has no prior business relationship with Sallie Mae and never provided Sallie Mae with her cellular telephone number or contact information.

12. Plaintiff never requested to Sallie Mae either by agreement or otherwise that she be contacted.

13. When Plaintiff answered Sallie Mae's calls, she would hear a pre-recorded message which requested that Erica Florice contact Sallie Mae at a number provided in the message.

14. On numerous occasions, Plaintiff contacted Sallie Mae at the number provided in the messages, and informed Sallie Mae that she had no knowledge of Erica Florice's whereabouts and that Erica Florice could not be reached at Plaintiff's number, and further instructed Sallie Mae to remove her telephone number and cease all communications with her.

15. Despite Plaintiff's repeated requests that Sallie Mae stop calls to her, Sallie Mae thereafter continued to place Robocalls to Plaintiff's cellular telephone,

3

sometimes calling up to two times per day multiple times per week for successive weeks.

16. In addition to the aforementioned telephone calls, Sallie Mae sent several text messages to Plaintiff's cellular phone requesting that she contact Sallie Mae. The texts from Sallie Mae were sent after Plaintiff had requested to Sallie Mae numerous times to cease communications with her.

17. The texts from Sallie Mae stated that should the recipient desire the texts to stop, the recipient should reply with a text saying "stop." Plaintiff replied to Sallie Mae's text with a message that said "stop."

18. Despite directing Sallie Mae to stop the texts, Sallie Mae thereafter continued to text message Plaintiff.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Without prior express consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21. The foregoing acts and omissions of the Defendants constitute a violation of the Telephone Consumer Protection Act.

4

22. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

25. Sallie Mae, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

26. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

27. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

28. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

29. The Defendants did not comply with the provisions of Title 15, Section 1692d(5) of the United States Code, in violation of Cal. Civ. Code § 1788.17.

5

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

34. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

35. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

36. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

6

37. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

38. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the named Defendants, jointly and severally:

    A. Statutory damages in an amount up to $1,500 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

    B. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    C. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b); and

    D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: November 1, 2012 | TAMMY HUSSIN |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Tammy Hussin, Esq. |
| 5 | | Lemberg & Associates, LLC<br>Attorney for Plaintiff, Donna Vestre |